IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER M. PAYNE, | ) | 4:11CV3017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion.  Plaintiff has filed a
Complaint and an Amended Complaint alleging that Defendants are reading and
censoring both his incoming and outgoing mail in violation of his constitutional rights.
(Filing No. 18 at CM/ECF pp. 3-7; Filing No. 1 at CM/ECF pp. 3-7.)   More
specifically, Plaintiff alleges that several individual Tecumseh State Correctional
Institution ("TSCI") employees (collectively the "TSCI Defendants") are censoring
his mail at the request of Federal Bureau of Investigations Agent Jerry Bell ("Bell"),
who is investigating Plaintiff for alleged involvement in "illegal activity."[1]  (Filing
No. 1 at CM/ECF pp. 6, 12; Filing No. 18.)  Liberally construed, Plaintiff asserts he
is not engaged in any illegal activity and maintains that his mail is being censored and
confiscated in violation of his rights, rather than as part of an investigation.  (Filing
No. 18 at CM/ECF pp. 3, 6; Filing No. 1 at CM/ECF pp. 3, 6.)

On initial review, the court dismissed several of Plaintiff's claims.  (Filing No.
20.)  However, the court permitted Plaintiff's First and Fourth Amendment claims for
injunctive relief against Bell and the TSCI Defendants in their official capacities, and
Plaintiff's First and Fourth Amendment claims against Bell and the TSCI Defendants
in their individual capacities, to proceed.  (*Id.*)  After being served with Plaintiff's
Amended Complaint, and the court's Order on initial review, Defendants filed several

---

[1]Plaintiff mentions that this illegal activity may be allegations of "child enticement."  (Filing
No. 1 at CM/ECF p. 3.)

Motions to Dismiss along with Briefs in Support.  (*See* Filing Nos. 37, 38, 43, 44, 48 and 49.)

In their Briefs, Defendants argue, among other things, that they are entitled to qualified immunity.  (*See, e.g.*, Filing Nos. 38 and 49.)  This argument is based on Defendants' assertion that they are censoring and confiscating Plaintiff's mail because they are cooperating with, or conducting, a criminal investigation.  (*Id.*)  However, Defendants have provided no evidence supporting this argument.  Indeed, there is nothing before the court showing that such a criminal investigation is, or was, ongoing.  Accordingly, Defendants shall have 14 days to supplement the record with properly authenticated evidence to show that they were censoring and confiscating Plaintiff's mail in accordance with a legitimate criminal investigation.

IT IS THEREFORE ORDERED that:

1.     Defendants shall have 14 days to supplement the record with properly authenticated evidence to show that they were censoring and confiscating Plaintiff's mail in accordance with a legitimate criminal investigation.

2.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 23, 2012**: deadline to file supplement.

DATED this 8th day of March, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.