IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER M. PAYNE, | ) | 4:11CV3017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on two Motions to Dismiss filed by Defendants Fred Britten, Christopher Connelly, Michelle Hillman, J. Kunzman, Carina McRoberts, Benny Noordhoek and Lee Tinkler (collectively "State Defendants"). (Filing Nos. 37 and 43.) Also pending is a Motion to Dismiss filed by Defendant Jerry Bell ("Bell"). (Filing No. 48.) Plaintiff has filed a Motion in Opposition to the State Defendants' first Motion to Dismiss (filing no. 41) and Briefs opposing the other two Motions to Dismiss (filing nos. 45 and 52). For the reasons discussed below, the court will convert the Motions to Dismiss into Motions for Summary Judgment and provide the parties with an additional opportunity to brief the issues.

Plaintiff has filed a Complaint and an Amended Complaint alleging that Defendants are reading and censoring both his incoming and outgoing mail in violation of his constitutional rights. (Filing No. 18 at CM/ECF pp. 3-7; Filing No. 1 at CM/ECF pp. 3-7.) More specifically, Plaintiff alleges that several individual Tecumseh State Correctional Institution ("TSCI") employees are censoring his mail at the request of Federal Bureau of Investigations Agent Bell, who is investigating Plaintiff for alleged involvement in "illegal activity."[1] (Filing No. 1 at CM/ECF pp. 6, 12; Filing No. 18.) Liberally construed, Plaintiff asserts he is not engaged in any illegal activity and maintains that his mail is being censored and confiscated in violation of his rights, rather than as part of an investigation. (Filing No. 18 at CM/ECF pp. 3, 6; Filing No. 1 at CM/ECF pp. 3, 6.)

---

[1] Plaintiff mentions that this illegal activity may be allegations of "child enticement." (Filing No. 1 at CM/ECF p. 3.)

On initial review, the court dismissed several of Plaintiff's claims. (Filing No. 20.) However, the court permitted Plaintiff's First and Fourth Amendment claims for injunctive relief against Bell and the State Defendants in their official capacities, and Plaintiff's First and Fourth Amendment claims against Bell and the State Defendants in their individual capacities, to proceed. (*Id*.) After being served with Plaintiff's Amended Complaint, and the court's Order on initial review, Defendants filed several Motions to Dismiss along with Briefs in Support. (*See* Filing Nos. 37, 38, 43, 44, 48 and 49.)

On March 8, 2012, after reviewing Defendants' Motions, the court instructed Defendants to supplement the record with properly authenticated evidence to show that they were censoring and confiscating Plaintiff's mail in accordance with a legitimate criminal investigation. (Filing No. 61.) On March 23, 2012, the State Defendants and Bell both submitted Declarations in response to the court's March 8, 2012, Memorandum and Order. (Filing Nos. 62-1 and 63-1.)

The court has carefully reviewed the record, including Defendants' Declarations, and it is now apparent that the court must consider matters outside of the pleadings to resolve this matter. Accordingly, the court must convert the pending Motions to Dismiss into Motions for Summary Judgment. *See* Fed. R. Civ. P. 12(d) (requiring that a motion to dismiss under Rule 12(b)(6) be treated as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented and not excluded by the court").

Defendants shall have 21 days from the date of this Memorandum and Order to file briefs, and any additional evidence, in support of their converted Motions for Summary Judgment. In particular, the State Defendants should be mindful to file, under seal, a copy of the March 23, 2011, letter that Plaintiff describes in his Amended Complaint. (*See* Filing 18 at CM/ECF p. 7.) The State Defendants should also address whether the alleged confiscation of this letter violated Plaintiff's constitutional rights.

After Defendants file their briefs, Plaintiff shall have 21 days to file a response. If Plaintiff files a response, Defendants shall have seven days to reply. Because Defendants have moved for qualified immunity, discovery in this matter shall be stayed until the court rules on the converted Motions for Summary Judgment.

IT IS THEREFORE ORDERED that:

1. Pursuant to Fed. R. Civ. P. 12(d), the pending Motions to Dismiss in this matter are converted into Motions for Summary Judgment.

2. Defendants shall have 21 days from the date of this Memorandum and Order to file briefs, and any additional evidence, in support of their converted Motions for Summary Judgment.

3. Plaintiff shall have 21 days to file a response to Defendants' briefs.

4. If Plaintiff files a response, Defendants shall have seven days to file a reply.

5. Because Defendants have moved for qualified immunity, discovery in this matter is stayed until the court rules on the pending Motions for Summary Judgment.

DATED this 15th day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.