IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER M. PAYNE, | ) | 4:11CV3017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Reconsideration and Determination of Qualified Immunity and to Toll Time Period for Filing an Answer. (Filing No. 84.) Also pending is Plaintiff's Motion for Protective Order. (Filing No. 86.) The court will address each Motion in turn.

## I. Motion for Reconsideration and Determination of Qualified Immunity and to Toll Time Period for Filing an Answer

Defendants ask the court to reconsider its September 19, 2012, Memorandum and Order, which granted Defendants' converted Motion for Summary Judgment in part and denied it in part. (*See* Filing Nos. 83 and 85.) Defendants disagree with the court's Memorandum and Order ask the court to determine the issue of qualified immunity on the record currently before the court. (Filing No. 84.)

For the reasons stated in the court's September 19, 2012, Memorandum and Order, questions of fact remain as to whether Defendants' continued detention of Plaintiff's incoming and outgoing mail violates his First and Fourteenth Amendment rights. (Filing No. 83.) Accordingly, Defendants' request for Reconsideration and Determination of Qualified Immunity is denied.

Separately, Defendants ask the court to toll the time period that the court provided to file an answer until the court has ruled on their Motion for Reconsideration and Determination of Qualified Immunity. (*Id*.) Although the court will not reconsider its September 19, 2012, Memorandum and Order, it will provide Defendants with an additional 10 days to file an answer.

## II. Motion for Protective Order

Plaintiff has filed a Motion for Protective Order asking the court to seal the record of the proceedings in this case from public access and to issue an order prohibiting the parties from discussing or disclosing the facts of this case with anyone. (Filing No. 86.) In support of this Motion, Plaintiff has submitted a sworn affidavit stating that a Facebook page was created under the name "Christopher Keep-me-where-I-belong Payne." (Filing No. 88.) This Facebook page allegedly contains information related to this case. (*Id*.) Plaintiff also states that Michael Lindgren, a correspondent of Plaintiff, has received numerous harassing telephone calls asking him to stop assisting Plaintiff. (*Id*. at CM/ECF p. 2.) Defendants have not responded to Plaintiff's Motion. (*See* Docket Sheet.)

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). The burden of establishing good cause rests with the movant. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

After careful review, the court finds that Plaintiff has failed to establish good cause to issue a protective order in this matter. Accordingly, Plaintiff's Motion is denied.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Reconsideration and Determination of Qualified Immunity and to Toll Time Period for Filing an Answer (filing no. 84) is granted in part and denied in part in accordance with this Memorandum and Order.

2. Defendants shall file their answer within 10 days of the date of this Memorandum and Order.

3. Plaintiff's Motion for Protective Order (filing no. 86) is denied.

DATED this 16th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.