IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER M. PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3017 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, CHRISTOPHER CONNELLY, MICHELLE HILLMAN, LEE TINKLER, MAILROOM PERSON 1, MAILROOM PERSON 2, ET. AL., BENNY NOORDHOEK, CARINA MCROBERTS, and J KUNZMAN, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

The factual and legal issues in this case are potentially complex. In particular, I have reviewed the mail submitted by the defendants pursuant to my order including those items that are sealed and those items that are restricted. I have also considered the likelihood that the defendants will file a motion for summary judgment. Some of the mail at issue will not be revealed to the plaintiff because those items may constitute contraband.

Under the circumstances, counsel must be appointed to represent Mr. Payne and this case must be progressed. Accordingly,

IT IS ORDERED:

1. After consultation with Chief Judge Smith Camp, and with her approval, and pursuant to the *Amended Plan for the Administration of the Federal Practice Fund and the Federal*

*Practice Committee*, ¶ II.A.1.a, and the inherent authority of this Court, D.C. "Woody" Bradford III is herewith appointed as counsel for Mr. Payne. I thank Mr. Bradford for accepting this appointment.

2. Mr. Bradford shall be paid a total of $2,000 in fees plus reasonable expenses, and the Clerk shall pay him $1,000 of that sum at this time with the balance of the fees and any expenses to be paid at the conclusion of the case. I reserve the right to tax the fees and expenses of Mr. Bradford as sanctions or costs against one or both parties.

3. Mr. Bradford shall promptly enter his appearance. The Motion to Appoint Counsel (filing no. 113) is granted to the extent provided herein but is otherwise denied.

4. The Motion to File Under Seal (filing no. 120) submitted on behalf of the defendants is granted.

5. No later than seven days after the date of this order, counsel for the defendants shall provide to Mr. Bradford, by regular United States Mail, legible copies of: (a) filing no. 67, an Evidence Index plus one exhibit; (b) filing no. 68, an Evidence Index plus one exhibit; (c) filing no. 118, an Evidence Index plus 11 exhibits attached thereto; (d) filing no. 119, an Evidence Index, plus the three exhibits attached thereto; and (e) filing no. 121, an Evidence Index, plus one exhibit attached thereto. *Counsel for the defendants should note that the hyperlinks shown above are to the Evidence Indexes only, and that counsel must also provide Mr. Bradford with the exhibits attached thereto.*

2

6. Absent an order from this Court, Mr. Bradford shall not provide Mr. Payne with copies of filings 67, 68, 119 or 121 or the exhibits attached thereto.

7. The Motion for Order to Show Cause (filing no. 124) is denied. However, counsel for the defendants is cautioned that compliance with the representation that the defendants will voluntarily return 11 items to the plaintiff (*see* filing no. 115; filing no. 116) is mandatory and must be complied with in a prompt fashion.

8. This matter is referred to Magistrate Judge Zwart for further progression. Magistrate Judge Zwart is advised that after remand of this case from the Court of Appeals, I issued a Memorandum and Order (filing no. 107). I respectfully recommend that Magistrate Judge Zwart carefully examine that Memorandum and Order to familiarize herself with this unusual case.

DATED this 18th day of November, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.